Jon Weiner
Jon@vameswang.com
VAMES / WANG
600 NW Fariss Road
Gresham, OR 97030
Phone: (503) 399-7001
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| JEREMY SAMSON, an individual,<br><br>Plaintiff,<br><br>v. | Case No.<br><br>**COMPLAINT**<br><br>**Civil Rights Claims Under 42 USC ¶1983 for Violations of the 4th, 8th, and 14th Amendments to the United States Constitution; Civil Rights Claims under Art I, sec 9, 10, 13, 16, 18, and 34 of the Oregon Constitution; state law claims for failure to supervise and negligence.** |
| COLETTE PETERS, Director, Oregon Department of Corrections, an individual; JASON JORGENSEN, Superintendent, South Fork Forest Camp, an individual; NICOLE BROWN, former Superintendent, South Fork Forest Camp, an individual; KAT FAHRION, Administrator, Oregon Department of Corrections Offender Information and Sentence Computation unit, an individual; BETHANY SMITH, former Administrator, Oregon Department of Corrections Offender Information and Sentence Computation unit, an individual; | |

Page **1** of **19** – Complaint

HEIDI STEWARD, former Assistant Director,
Oregon Department of Corrections Offender
Information and Sentence Computation Unit,
an individual; and KAT KARSTENSEN,
former employee, South Fork
Forest Camp, an individual,

                              Defendants.                  **(Demand for Jury Trial)**

_____

The allegations set forth herein are intended to apply to "all times relevant" regardless whether stated in the past, present, or future tense. Plaintiff alleges:

## PRELIMINARY STATEMENT

1.

Plaintiff Jeremy Samson brings this action against several Oregon Department of Corrections employees, based on civil rights violations that resulted in approximately six months of unlawful detention past the date he was lawfully entitled to be released from custody. Plaintiff asserts claims under 42 USC ¶1983 for violations of his rights under the 4th, 8th, and 14th Amendments to the United States Constitution. Plaintiff also asserts related civil rights claims under Art I, sec 9, 10, 13, 16, 18, and 34 of the Oregon Constitution, as well as state law tort claims.

## JURISDICTION

2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff's state law claims are so

Page **2** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

**VENUE**

3.

Venue is appropriate in this Court pursuant to 28 USC § 1391 because a substantial number of the events giving rise to this complaint occurred in Tillamook County, Oregon.

**PARTIES**

4.

Defendant Colette Peters is the current Director of the Oregon Department of Corrections (DOC). Defendant Jason Jorgensen is the current Superintendent of DOC's South Fork Forest Camp (SFFC) correctional facility. Defendant Nicole Brown is the former Superintendent at SFFC. Defendant Kat Fahrion is the current administrator of the Oregon Department of Corrections Offender Information and Sentence Computation (OISC) unit. Defendant Bethany Smith is the former Administrator of OISC. Defendant Heidi Steward is the former Assistant Administrator of OISC and the current Deputy Director of DOC. Defendant Kat Carstensen is a former employee at SCCF.

**FACTUAL ALLEGATIONS**

5.

Mr. Samson was an inmate incarcerated at the DOC's South Fork Forest Camp facility located at 48300 Wilson River Hwy in Tillamook, Oregon.

/ /

/ /

6.

Page **3** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

Plaintiff was imprisoned and restrained by virtue of an amended judgment entered by the Honorable Judge Skye in November, 2015, in Multnomah County Circuit Case No. 14-03-31245. Plaintiff was sentenced on May 26, 2015 as follows: 60 months on one count of Burglary I, 40 months for one count of Attempted Robbery II (to run concurrent the Burglary I), and 40 months on one count of Attempted Assault II (to run consecutive to the Attempted Robbery II sentence). Since the Burglary I sentence was concurrent to – but 20 months longer than – the Attempted Robbery II sentence, the first 20 months of the Attempted Assault II sentence would be concurrent with the Burglary I sentence, the remaining 20 months of the Assault II sentence would be consecutive to the completion of the Burglary I sentence. Both the Attempted Robbery II and Attempted Assault II were expressly made eligible for earned time ("good time") and credit for time served.

7.

Burglary I is ineligible for sentence reduction under ORS 137.635. DOC and OISC dramatically expanded the reach of ORS 137.635 by taking the position that no reduction should be applied to any other sentence being served as the same time as a sentence imposed under ORS 137.635, regardless whether the other sentence is otherwise eligible for reduction. The defendants, and each of them, mindlessly ratified, adopted, encouraged, enabled, implemented, and applied this policy as set forth herein. Defendants' position directly contravened the clear intent of plaintiff's sentencing judge, the plain wording of the Amended Judgment, and the plain language of applicable statutes.

/ /

/ /

8.

Page **4** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

Based on an unreasonable and irrational interpretation regarding the reach of ORS 137.635, defendants refused to give plaintiff his earned good time credit on his Attempted Robbery II sentence and the first 20 months of his Attempted Assault II sentence, which were both eligible for a 20% reduction in sentence in their entirety. See ORS 169.110(1)(e) (allowing for 20% reduction for eligible sentences over 270 days, as here). As a matter of law, plaintiff was eligible for a total of up to 16 months of earned time on his two 40-month sentences (because 20% of a 40-month sentence is 8 months). Given that plaintiff maintained a record of good conduct and therefore did not lose any of his earned time, he was in fact entitled to the entire 16 months. Instead, Defendant maintained that plaintiff was eligible for a good time sentence reduction only on the 20 months he was serving on the Attempted Assault II after the expiration of the Burglary I (meaning he would only get up to 4 months, a full twelve months less than that to which he was entitled).

9.

For several years during the term of his incarceration, plaintiff contested ODOC's unreasonable and irrational position as to his earned time via inmate communication forms and grievances. Plaintiff has utilized and exhausted the available administrative remedies to the best of his abilities. Those efforts proved fruitless. Ultimately, plaintiff was granted relief by Circuit Court Judge Mari Trevino on January 3, 2020, in Tillamook County Case 19CV35198, in the form of an Order and Judgment directing plaintiff's immediate release. Plaintiff's actual date of release was January 7, 2020.

/ /

/ /

10.

Page **5** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

Even after plaintiff's release, defendants clung to their unreasonable, irrational interpretation of ORS 137.635. It was only after the Tillamook County Circuit Court's decision releasing plaintiff was affirmed on March 31, 2021 by the Oregon Court of Appeals in *Samson v. Brown*, 310 Or App 319 (2021) that DOC and its employees (including defendants) abandoned their flawed interpretation of ORS 137.635. In expressly rejecting defendants' interpretation of ORS 137.635, the *Samson* Court reasoned:

> Notably, the superintendent has been unable to explain satisfactorily why, if the latter is the intended meaning, the person's ineligibility for reduction in term of incarceration ceases when the sentence subject to ORS 137.635 has been fully served, even if other sentences remain to be served. Logically, if ineligibility is tied to the person generally and their term of incarceration generally, not the specific sentence subject to ORS 137.635, the more natural argument would be that a person imprisoned on multiple convictions, at least one of which has a sentence subject to ORS 137.635, is ineligible for any reduction in term of incarceration pursuant to ORS 421.121 for the duration of their incarceration, regardless of what sentence or sentences the person is serving at any given time. Although taking a more moderate position may have strategic benefits, it requires the superintendent to argue for a rather difficult construction of the statute: one under which a person serving a sentence that is subject to ORS 137.635 is ineligible for a reduction in term of incarceration pursuant to ORS 421.121 on all sentences that the person is serving, until any sentences that are subject to ORS 137.635 are fully served, at which point the person becomes eligible for a reduction in term of incarceration pursuant to ORS 421.121 on any remaining sentences that are not subject to ORS 137.635.
>
> Putting aside that wrinkle, we agree with the trial court that, in any event, the correct construction of ORS 137.635(1) is that a person serving a sentence subject to ORS 137.635 is ineligible for a reduction in term of incarceration pursuant to ORS 421.121 on that sentence.

*Samson*, 310 Or App at 323-324.

11.

Plaintiff's lawful release date was approximately July 11, 2019. However, as the result of their sentence computation error the defendants calculated his projected earliest release date as July 11, 2020. Plaintiff's actual release date was January 7, 2020 – which was allowed to occur

Page **6** of **19** – Complaint

only because of state habeas corpus relief. As a result of defendant's deliberately indifferent conduct, plaintiff was unlawfully incarcerated in defendants' physical custody for at least six months past the date he should have been released. The actual period of unlawful incarceration may prove to have been even longer, due to other factors such as "transitional leave" which would have entitled petitioner to be released several months earlier.

12.

The conduct of defendants, and each of them, demonstrates deliberate indifference to the State and Federal constitutional rights and corresponding deprivations set forth herein. The defendants, and each of them, at all times relevant acted under color of law.

13.

As a result of their conduct, defendants have violated Plaintiff's rights under the 8th Amendment to the United States Constitution; inflicted deprivation of his due process rights, liberty interests, and property interests under the 14th Amendment to the United States Constitution; violated his rights under 42 USC §1983; violated his rights under Article 1, § 10, Oregon Constitution; and committed various state law torts.

14.

Defendant Colette Peters is the Director of the Oregon Department of Corrections (ODOC). She bears ultimate responsibility for all aspects of the operation of the Department of Corrections, including SFFC and OISC. It is her responsibility to supervise all DOC (including SFFC and OISC) employees in such a manner as to safeguard the constitutional rights of all DOC inmates (including plaintiff).

/ /

15.

Page **7** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

Under Peters' leadership, DOC and OISC employees (including defendants) have embarked on a campaign of over aggressively, unreasonably, and irrationally interpreting administrative rules, statutes, and/or criminal judgments of conviction in such a manner as to increase the lengths of inmates' sentences at all costs. Peters and the other defendants, and each of them, have done so with deliberate indifference to the state and federal rights at issue herein.

16.

Given the extent to which OISC's sentence computations have either been reversed by the Oregon Court of Appeals or nullified by Circuit Court judges issuing amended judgments in order to effectuate their intent in imposing DOC sentences, Peters and her co-defendants had plenty of information at their disposal to alert them to the risk of constitutional deprivations arising from their sentence computation practices. Plaintiff added to these educational opportunities by engaging in a years-long attempt to spell things out for them via kites and grievances.  Sadly, his efforts were futile. Had defendants been more interested in safeguarding inmates constitutional rights than expanding their power to incarcerate inmates longer and systematically deny them sentence reductions, plaintiff's entreaties may not have fallen on such deaf ears. Unfortunately, that was not the case.

17.

Defendant Jason Jorgensen is the current Superintendent at SFFC. Defendant Nicole Brown, is the former Superintendent at SFFC. These defendants bore ultimate responsibility for all aspects of the operation of SFFC. It was their responsibility to supervise all SFFC employees in such a manner as to safeguard the constitutional rights of all SFFC inmates (including plaintiff).

18.

Page **8** of **19** – Complaint

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

As noted above, DOC and OISC employees (including defendants) have embarked on a campaign of over aggressively, unreasonably, and irrationally interpreting administrative rules, statutes, and/or criminal judgments of conviction in such a manner as to increase the lengths of inmates' sentences (apparently at all costs). Jorgensen and Brown, and each of them, have knowingly served as important component parts of this process and have done so with deliberate indifference to the state and federal rights and corresponding deprivations asserted herein.

19.

Given the extent to which OISC's sentence computations have either been reversed by the Oregon Court of Appeals or nullified by Circuit Court judges issuing amended judgments in order to effectuate their intent in imposing DOC sentences, as well as the numerous complaints filed by inmates regarding the erroneous calculation of their sentences, Jorgensen and Brown had plenty of information at their disposal to alert them to the risk of constitutional deprivations arising from DOC's sentence computation practices (including those relevant here). Plaintiff added to these educational opportunities by engaging a years-long attempt to spell things out for them.  Sadly, his efforts were futile. These defendants were on notice that they were important constituent parts of a machine that was less interested in safeguarding inmates' constitutional rights than it was in expanding DOC's power to incarcerate inmates longer and systematically deny them sentence reductions. In spite of such notice, these defendants persisted in playing their respective parts while mired in a sort of willful blindness to the constitutional deprivations they were aiding-and-abetting.

/ /

/ /

20.

Page **9** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

Defendant Kat Carstensen is a former employee at SCCF. She had an important role in the grievance process pursued by plaintiff and had extensive exposure to the constitutional deprivations facing plaintiff and his attempts to proactively rectify them.

21.

As noted above, DOC and OISC employees (including defendants) have embarked on a campaign of over aggressively, unreasonably, and irrationally interpreting administrative rules, statutes, and/or criminal judgments of conviction in such a manner as to increase the lengths of inmates' sentences at all costs. Carstensen has knowingly served as an important component part of this process and has done so with deliberate indifference to the state and federal rights at issue herein.

22.

Given the extent to which OISC's sentence computations have either been reversed by the Oregon Court of Appeals or nullified by Circuit Court judges issuing amended judgments in order to effectuate their intent in imposing DOC sentences, as well as the numerous complaints filed by inmates regarding the erroneous calculation of their sentences, Carstensen had plenty of information at her disposal to alert her to the risk of constitutional deprivations arising from DOC's sentence computation practices. Plaintiff added to these educational opportunities by engaging a years-long attempt to spell things out for Carstensen. Sadly, his efforts were futile.

23.

Carstensen was on notice that she was an important constituent part of a machine that was less interested in safeguarding inmates' constitutional rights than it was in expanding DOC's power to incarcerate inmates longer and systematically deny them sentence reductions. In spite of such notice, Carstensen persisted in operating as usual while mired in a sort of willful

Page **10** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

blindness to the constitutional deprivations she was aiding-and-abetting. Moreover, as part of the grievance process Carstensen in particular was personally provided notice of the constitutional deprivation at issue – well in advance of the time it actually came to fruition – and responded with a written rejection based on OISC's flawed interpretation of ORS 137.635.

24.

Defendant Kat Fahrion is the current administrator of the Oregon Department of Corrections Offender Information and Sentence Computation (OISC) unit. Defendant Bethany Smith is the former Administrator of OISC. Defendant Heidi Steward is the former Assistant Administrator of OISC and current Deputy Director of DOC.  These defendants bore ultimate responsibility for all aspects of the OISC. It was their responsibility to guide the OISC and supervise all  employees in such a manner as to safeguard the constitutional rights of all DOC inmates (including plaintiff).

25.

Under Fahrion's, Smith's, and Steward's leadership, OISC and its employees (including defendants) have embarked on a campaign of over aggressively, unreasonably, and irrationally interpreting administrative rules, statutes, and/or criminal judgments of conviction in such a manner as to increase the lengths of inmates' sentences at all costs. These defendants, and each of them, have done so with deliberate indifference to the state and federal rights at issue herein.

26.

Given the extent to which OISC's sentence computations have either been reversed by the Oregon Court of Appeals or nullified by Circuit Court judges issuing amended judgments in order to effectuate their intent in imposing DOC sentences, as well as the numerous complaints filed by inmates regarding the erroneous calculation of their sentences, Fahrion, Smith, and

Page **11** of **19** – Complaint

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

Steward had plenty of information at their disposal to alert them to the risk of constitutional deprivations arising from their sentence computation practices.

27.

Plaintiff added to these educational opportunities by engaging a years-long attempt to spell things out for them.  Sadly, his efforts were futile. Had Fahrion, Smith, and Steward been more interested in safeguarding inmates' constitutional rights than expanding their power to incarcerate inmates longer and systematically deny them sentence reductions, plaintiff's entreaties may not have fallen on such deaf ears. Unfortunately, that was not the case.

28.

As part of the grievance process Smith in particular was personally provided notice of the constitutional deprivation at issue – well in advance of the time it actually came to fruition – and responded with a written rejection based on OISC's flawed interpretation of ORS 137.635.

**FIRST CLAIM FOR RELIEF**

(Civil Rights Claim – 14th and/or 4th and or 8th Amendments – 42   USC § 1983)

**(Count 1)**

**(all defendants)**

29.

Plaintiff incorporates by reference paragraphs 1 though 28.

30.

The actions of defendants, and each of them, exhibited deliberate indifference to, and resulted in violation of, plaintiff's right to be free from deprivation of his liberty and property interests without due process, his right to be free from cruel and unusual punishment, and his

right to be free from unreasonable seizure, under the 4th, 8th, and/or 14th Amendments to the United States Constitutions.

31.

As a direct result of the actions and/or inactions of the defendants, and each of them, plaintiff was unlawfully imprisoned at SFFC for over six months. As a direct result of the actions and/or inactions of defendants, plaintiff suffered lost earnings, was forced to perform labor during the time of his unlawful imprisonment in exchange for approximately $1 per day compensation, endured the stress, danger, and incredibly unpleasant experience of being unlawfully forced to reside in a state prison rather than his own home, lost time with his family (especially his daughter) and experienced emotional distress. Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial.

32.

The defendants, and each of them, were recklessly indifferent to plaintiff's civil rights and callously disregarded his constitutional rights. Punitive damages should be awarded in an amount to be determined at trial.

33.

For claims arising under 42 U.S.C. 1983, plaintiff is entitled to recover reasonable attorney fees and costs of litigation pursuant to 42 U.S.C. 1988.

**(Count 2)**

**(Failure to Adequately Tran and/or Supervise)**

**(defendants Peters, Fahrion, Smith, and Steward)**

34.

Plaintiff incorporates by reference paragraphs 1 through 33.

Page **13** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

35.

Defendants Peters, Fahrion, Smith, and Steward failed to provide proper policies, training, supervision, and discipline to OISC employees regarding sentence calculation with respect to earned time credits and the interplay between such credits and mandatory sentencing statutes such as ORS 137.635.

36.

The acts and omissions of defendants Peters, Fahrion, Smith, and Steward, and each of them, in failing to provide proper policies, training, supervision, and discipline to OISC employees regarding sentence calculation (especially with respect to earned time credits and the interplay between such credits and mandatory sentencing statutes such as ORS 137.635), exhibited deliberate indifference to, and resulted in violation of, plaintiff's right to be free from deprivation of his liberty and property interests without due process, his right to be free from cruel and unusual punishment, and his right to be free from unreasonable seizure, under the 4th, 8th, and/or 14th Amendments to the United States Constitutions.

37.

As a direct result of the actions and/or inactions of the defendants, and each of them, plaintiff was unlawfully imprisoned at SFFC for over six months. As a direct result of the actions or inactions of defendants, plaintiff suffered lost earnings, was forced to perform labor during the time of his unlawful imprisonment in exchange for approximately $1 per day compensation, endured the stress, danger, and incredibly unpleasant experience of being unlawfully forced to reside in a state prison rather than his own home, lost time with his family (especially his daughter) and experienced emotional distress. Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial.

Page **14** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

38.

The defendants, and each of them, were recklessly indifferent to plaintiff's civil rights and callously disregarded his constitutional rights. Punitive damages should be awarded in an amount to be determined at trial.

39.

For claims arising under 42 U.S.C. 1983, plaintiff is entitled to recover reasonable attorney fees and costs of litigation pursuant to 42 U.S.C. 1988.

## SECOND CLAIM FOR RELIEF

**(Civil Rights Claim - Oregon Constitution, Article I, sections 9, 10, 13, 16, 18, and/or 34)**

**(all defendants)**

40.

Plaintiff incorporates by reference paragraphs 1 through 39.

41.

The actions of defendants, and each of them, exhibited deliberate indifference to, and resulted in violation of, plaintiff's right to be free from unreasonable seizure, right to due process of law, right to be free from unnecessary rigor, right to be free from cruel and unusual punishment, the right to be free from having his services be demanded for public use without just compensation, and the right to be free from slavery and/or involuntary servitude, under Art. I, Sections 9, 10, 13, 16, 18, and/or 34 of the Oregon Constitution.

/ /

42.

Page **15** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001   Fax (503)573-8373

As a direct result of the actions and/or inactions of the defendants, and each of them, plaintiff was unlawfully imprisoned at SFFC for over six months. As a direct result of the actions or inactions of defendants, plaintiff suffered lost earnings, was forced to perform labor during the time of his unlawful imprisonment in exchange for approximately $1 per day compensation, endured the stress, danger, and incredibly unpleasant experience of being unlawfully forced to reside in a state prison rather than his own home, lost time with his family (especially his daughter) and experienced emotional distress. Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

**(Failure to Adequately Tran and/or Supervise)**

**(defendants Peters, Fahrion, Smith, and Steward)**

43.

Plaintiff incorporates by reference paragraphs 1 through 42.

44.

Defendants Peters, Fahrion, Smith, and Steward negligently failed to provide proper policies, training, supervision, and discipline to OISC employees regarding sentence calculation (especially with respect to earned time credits and the interplay between such credits and mandatory sentencing statutes such as ORS 137.635).

45.

The negligent acts and omissions of defendants Peters, Fahrion, Smith, and Steward, and each of them, in failing to provide proper policies, training, supervision, and discipline to OISC employees regarding sentence calculation with respect to earned time credits and the interplay between such credits and mandatory sentencing statutes such as ORS 137.635, created the

Page **16** of **19** – Complaint

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

foreseeable harm complained-of herein. These defendants had a duty to take the reasonable steps necessary to ensure that OISC's personnel were adequately trained, supervised, disciplined, and competent in all relevant areas of state sentence computation. They failed.

46.

As a direct, actual, and proximate result of the actions and/or inactions of the defendants, and each of them, plaintiff was unlawfully imprisoned at SFFC for over six months. As a direct result of the actions or inactions of defendants, plaintiff suffered lost earnings, was forced to perform labor during the time of his unlawful imprisonment in exchange for approximately $1 per day compensation, endured the stress, danger, and incredibly unpleasant experience of being unlawfully forced to reside in a state prison rather than his own home, lost time with his family (especially his daughter) and experienced emotional distress. Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**

**(Negligence)**

**(defendants Smith and Carstensen)**

47.

Plaintiff incorporates by reference paragraphs 1 through 46.

48.

Defendants Smith and Carstensen negligently miscalculated plaintiff's sentence as described above. These defendants failed to maintain competence regarding sentence calculation (especially with respect to earned time credits and the interplay between such credits and mandatory sentencing statutes such as ORS 137.635).

49.

Page **17** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

The negligent acts and omissions of defendants Smith and Carstensen and each of them, created the foreseeable harm complained-of herein. These defendants had a duty to take the reasonable steps necessary to ensure they were adequately competent in all relevant areas of state sentence computation – including the areas at issue herein. They failed.

50.

As a direct, actual, and proximate result of the actions and/or inactions of the defendants, and each of them, plaintiff was unlawfully imprisoned at SFFC for over six months. As a direct result of the actions or inactions of defendants, plaintiff suffered lost earnings, was forced to perform labor during the time of his unlawful imprisonment in exchange for approximately $1 per day compensation, endured the stress, danger, and incredibly unpleasant experience of being unlawfully forced to reside in a state prison rather than his own home, lost time with his family (especially his daughter) and experienced emotional distress. Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial.

WHEREFORE, Plaintiff requests the following on his claims for relief:

**On the First Claim for Relief (each count)**, for judgment against defendants Colette Peters, Jason Jorgensen, Nicole Brown, Kat Fahrion, Bethany Smith, Heidi Steward, and Kat Carstensen, and each of them, for economic damages in an amount to be determined at trial, non-economic damages in an amount to be determined at trial, punitive damages in an amount to be determined at trial, and necessarily and reasonably incurred attorney fees and costs pursuant to 42 U.S.C. 1988;

**On the Second Claim for Relief**, for judgment against defendants Colette Peters, Jason Jorgensen, Nicole Brown, Kat Fahrion, Bethany Smith, Heidi Steward, and Kat Carstensen, and

Page **18** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001   Fax (503)573-8373

each of them, for economic damages in an amount to be determined at trial and non-economic damages in an amount to be determined at trial.

**On the Third Claim for Relief**, for judgment against defendants Peters, Fahrion, Smith, and Steward, and each of them, for economic damages in an amount to be determined at trial and non-economic damages in an amount to be determined at trial.

**On the Fourth Claim for Relief**, for judgment against defendants Smith and Carstensen, and each of them, for economic damages in an amount to be determined at trial and non-economic damages in an amount to be determined at trial.

DATED this 7th Day of January, 2022,

                                                 */s/ Jon Weiner*
                                                 Jon Weiner, OSB # 993944
                                                 VAMES / WANG
                                                 600 NW Fariss Road
                                                 Gresham, OR 97030
                                                 Tel: (503) 399-7001
                                                 Fax: (503) 573-8373
                                                 Of Attorneys for Plaintiffs

Page **19** of **19** – Complaint

**JON H. WEINER,** Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118, Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373